IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

JANET SUE FLAKE,
    Plaintiff,

v.                                                                                           Docket No._____
                                                                                         JURY DEMAND

STATE OF TENNESSEE and
FRANK WILLIAM "BILLY" YATES-MATOY and
SETH CANDAU in their official and individual capacities
as a Tennessee State Troopers;
    Defendants.

---

## COMPLAINT

---

Plaintiff, Janet Sue Flake, by and through counsel, brings this action seeking monetary damages against Defendants for violations of Plaintiff's civil rights guaranteed by the United States Constitution and Tennessee law, false arrest and incarceration, and malicious prosecution. In support of this Complaint, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3)-(4) because the controversy arises under the U.S. Constitution and 42 U.S.C. §1983.

2.     This Court also has supplemental jurisdiction over claims asserted against Defendants under Tennessee State law pursuant to 28 U.S.C. §1367.

3.     Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b)(2) because a substantial portion of the events giving rise to this action occurred within this District.

4.     Plaintiff brings this lawsuit to redress Defendants' violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and her civil rights pursuant to 42 U.S.C. §1983, as well as violations of state law.

1

5. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States. Plaintiff brings this action pursuant to 42 U.S.C. §§1983 and 1988.

6. Plaintiff also seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

7. Plaintiff, Janet Sue Flake, is a citizen of the United States and at all times relevant, a resident of Monroe County, Tennessee.

8. Defendant Trooper Frank William "Billy" Yates-Matoy ("Officer Yates-Matoy") is and/or was at the time of the incident complained of herein a duly sworn and licensed officer with the Tennessee Highway Patrol acting under the color of state law and within the scope of his employment. He is sued in his official and individual capacity for misconduct occurring under color of state law.

9. Defendant Trooper Seth Candau ("Officer Candau") is and/or was at the time of the incident complained of herein a duly sworn and licensed officer with the Tennessee Highway Patrol acting under the color of state law and within the scope of his employment. He is sued in his official and individual capacity for misconduct occurring under color of state law.

10. Officers Yates-Matoy and Candau may each be served at the headquarters for the Tennessee Highway Patrol located at 1755 Neals Commerce Ln, Knoxville, Tennessee 37914.

11. Defendant State of Tennessee is the governmental entity which governs and is liable for any malfeasance of the Tennessee Highway Patrol.

# FACTS

12. On July 5, 2023, Plaintiff was operating a motor vehicle on US 411 in Monroe County, Tennessee with her son in the passenger seat.

13. Upon information and belief, Officer Yates-Matoy was training and/or mentoring Officer Candau in Monroe County, Tennessee.

14. Officers Yates-Matoy and Candau were monitoring traffic on US 411 in Monroe County, Tennessee on July 5, 2023.

15. Officer Candau activated his blue lights and required the Plaintiff to pull over on July 5, 2023.

16. Plaintiff immediately complied with the traffic stop and pulled into a nearby parking lot of a shopping center.

17. Officer Candau stated to Plaintiff that the basis of the traffic stop was minor violations including that Plaintiff had allegedly pulled past the stop line at a traffic light, backed up, and when the light turned green did not proceed forward in a timely fashion.

18. Officer Candau asked Plaintiff for her driver's license, registration, and proof of insurance.

19. Plaintiff complied with Officer Candau's request without complaint.

20. Officer Candau alleged that Plaintiff was behaving nervously, fidgety, and fumbling for the documents while complying with the request.

21. Officer Candau required Plaintiff to exit her vehicle to submit to field sobriety tests.

22. The temperature in Monroe County, Tennessee on July 5, 2023 was sunny with temperatures climbing to 84 degrees Fahrenheit.

23. Officer Candau administered field sobriety tests to Plaintiff on the side of US 411 in Monroe County, Tennessee.

24. Officer Candau administered field sobriety tests to Plaintiff based only on the Plaintiff's nervousness which he claims made him suspicious that Plaintiff was driving under the influence.

25. Although Plaintiff remained compliant, she admittedly was agitated by the fact that Officers Yates-Matoy and Candau detained her for approximately 45-minutes while subjecting her to field sobriety tests in the mid-day heat while her son waited inside the car.

26. Plaintiff further affirmatively states that on July 5, 2023, she was sixty-eight years of age and undergoing chemotherapy for breast cancer.

27. Plaintiff asserts that she successfully performed each field sobriety test conducted by Officer Candau.

28. Unsatisfied with Plaintiff's successful performance of the sobriety tests, Officer Candau placed Plaintiff under arrest on charges of Driving Under the Influence in violation of *Tennessee Code Annotated* §55-10-401.

29. Plaintiff affirmatively states that she had no prior criminal record prior to July 5, 2023.

30. Plaintiff was placed in the back of the patrol car, despondent, dehumanized, handcuffed and, in fact, sober - as established by the blood test subsequently administered.

31. Plaintiff was further agitated by the rude and disrespectful manner in which both Defendants addressed Plaintiff and her son. At one point the officers told Plaintiff's son to "shut up" or he would be going to jail too.

32. At the time of her arrest, Plaintiff had neither committed a crime nor exhibited any behavior which would have given an ordinary person reasonable cause to suspect that she was intoxicated.

33. Defendants acknowledged that the sole purpose of the stop was based upon minor traffic violations.

34. Plaintiff affirmatively asserts the field sobriety tests conducted of Plaintiff were an unreasonable and unlawful extension of the traffic stop without a proper basis.

35. No reasonable person, much less a law enforcement officer, would have believed or suspected that Plaintiff was driving under the influence.

36. Plaintiff was arrested, booked into the local jail, and charged with driving under the influence.

37. Plaintiff's vehicle was impounded and towed from the scene at the direction of Defendants.

38. Defendants left Plaintiff's son, a passenger in Plaintiff's vehicle, stranded in the parking lot where the traffic stop occurred.

39. Plaintiff submitted to a blood test upon arriving at the local jail.

40. Plaintiff affirmatively states that her blood test was negative for all tested illegal substances.

41. Additionally, Plaintiff affirmatively states that the blood tests administered on July 5, 2023, were negative for Ethyl Alcohol, basic drugs, opiates, buprenorphine, cannabinoids, cocaine, barbiturates, benzodiazepines, methamphetamine, fentanyl, oxycodone and/or oxymorphone as indicated in the excerpts from the Official Toxicology Report below.

**TENNESSEE BUREAU OF INVESTIGATION**
KNOXVILLE CRIME LABORATORY
1791 Neals Commerce Lane
Knoxville, Tennessee 37914

BILL LEE
Governor

DAVID B. RAUSCH
Director

**OFFICIAL ALCOHOL REPORT**

TO: Seth Candau
    THP - Knoxville, Dist. 1
AGENCY CASE NO: 1239471S3

DATE ISSUED: 8/23/23
LAB CASE NO: 232008852
COUNTY: Monroe

**SUBJECT(S):**
JANET SUE FLAKE

Received From: THP - Knoxville
Received By: Mika Lay

Date Received: 7/11/23
Time Received: 4:30 pm

**EXHIBIT(S):**
001   Blood Sample
Collected: 07/05/23 03:35 PM

| Results: | Substance Type | Amount | Analysis Completed On: |
|---|---|---|---|
| 001 | Ethyl Alcohol (Gram %) | Negative | 8/9/2023 8:58 am |

All compounds confirmed by HS/GC/MS.

**DISPOSITION:**
Reports on additional toxicology testing to follow.

Respectfully Submitted,

*Melanie M Carlisle*

Melanie M. Carlisle
Special Agent / Forensic Scientist

The above represents the interpretations and opinions of the analyst based on instrumental analyses.
Technical notes and data supporting the conclusions/findings in this report are maintained within the laboratory case records.

I certify and attest that this document is the proper record it purports to be.

*Kelvin Woodly*

Designated Representative of Director TBI



Page 1 of 1



42. Plaintiff spent several hours in jail, her mugshot was taken and made publicly available, and her vehicle was seized and towed to the police impound yard with her son left stranded without transportation in the high 84-degree heat.

43. Lacking any evidence of any arrestable offense committed by the Plaintiff, the General Sessions Court of Monroe County, Tennessee dismissed all charges on February 6, 2024, noting a "lack of evidence."

44. Defendants had no valid legal basis to extend the traffic stop.

45. Defendants had no valid legal basis to cause Plaintiff to perform field sobriety tests.

46. Defendants had no valid legal basis to arrest Plaintiff.

7

DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

All of the relevant acts of Defendants, their agents, servants, and employees, were carried out under the color of state law and in their official capacity as agents of the State of Tennessee.

These acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fifth Amendments to the Constitution and in violation of 42 U.S.C. §1983.

FIRST COUNT
Unlawful Seizure -Arrest Without Probable Cause

47. Plaintiff realleges and incorporates by reference the allegations set forth above.

48. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend IV.

49. A Fourth Amendment violation occurs where: (1) a person is seized; and (2) the seizure is unreasonable.

50. A seizure occurs where there is a physical force or a show of authority that in some way restrains the liberty of the person, and (as to a show of authority) that the person submits to the officers' show of authority.

51. A person has been seized within the meaning of the Fourth Amendment if, in view of the all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.

52. Once a seizure occurs, the seizure must be reasonable.

53. An arrest is "unreasonable" where it is not based on probable cause to believe that the individual has committed or intends to commit a crime.

54. Pursuant to *Tennessee Code Annotated* §55-9-107, once Officer Cantau declined to issue a traffic citation for Plaintiff's alleged moving violation(s), then Plaintiff should have been free to leave because minor traffic violations are not arrestable offenses under Tennessee law.

55. Officer Candau violated Plaintiff's rights by unlawfully detaining Plaintiff and by requiring Plaintiff to exit her vehicle to perform field sobriety tests without reasonable suspicion or probable cause to believe that Plaintiff operating her vehicle under the influence.

56. The seizure of Plaintiff for allegedly driving under the influence was unreasonable because Officer Candau lacked probable cause.

57. The illegal seizure of Plaintiff's person and vehicle by Defendants was done in such a manner that no reasonable person would have thought that they were free to leave.

58. Officer Yates-Malloy failed to intervene thus condoning the illegal seizure of Plaintiff's person and vehicle by Officer Candau.

59. The illegal seizure of Plaintiff's vehicle and person without probable cause was a deprivation of her civil rights to be free from unlawful seizures under the Fourth and Fourteenth Amendments, enforceable through 42 U.S.C. §1983.

60. Defendants acted intentionally, maliciously, or with callous disregard for Plaintiff's rights.

61. As a direct and proximate result of the acts and omissions of Defendants, both independently and in concert with each other, Plaintiff suffered a violation of her constitutional rights, harm to her reputation and standing in the community, mental distress, shame, humiliation, and embarrassment, and was therefore damaged in an amount to be determined by a jury.

## SECOND COUNT
## False Arrest And Illegal Search

62. Plaintiff realleges and incorporates by reference the allegations set forth above.

63. To establish a state-law claim for false arrest and imprisonment, a plaintiff must prove: (1) a detention or restraint against the plaintiff's will; and (2) the unlawfulness of such detention or restraint.

64. False imprisonment requires that a defendant must have acted without probable cause.

65. For substantially the same reasons stated above as to the preceding Fourth Amendment claim, the Defendants falsely arrested and falsely imprisoned Plaintiff.

66. The primary duty of a State Trooper is to enforce Tennessee's traffic laws.

67. As previously discussed, Plaintiff should have only received a citation if one or both Defendants observed Plaintiff committing a moving infraction.

68. Officer Candau violated the Plaintiff's rights by placing her under arrest without probable cause to believe that Plaintiff was driving under the influence.

69. The purpose of Officer Candau's initial stop was for a lawful purpose for Plaintiff's alleged moving traffic violations.

70. Plaintiff nervously complied with Officer Candau's request fumbling for requested documents.

71. Officer Candau administered field sobriety tests on a hunch that Plaintiff was driving under the influence.

72. Officer Candau subsequently placing Plaintiff under arrest was not for any lawful purpose as evidenced by Plaintiff successfully completing multiple field sobriety tests.

73. These actions were a physical restraint, a show of authority, and a show of force.

74. Plaintiff pulled from the roadway upon being seized by the patrol vehicles' blue lights and cooperated with Officer Candau.

75. There were no exigent circumstances justifying the arrest of the Plaintiff.

76. The false arrest of Plaintiff was a deprivation of her civil rights to be free from arrest without necessary probable cause under the Fourth Amendment.

77. Based upon the arrest made without sufficient probable cause, Officer Candau undertook a warrantless search of Plaintiff's person.

78. The illegal search of Plaintiff's person was a deprivation of her civil rights to be free from unlawful searches under the Fourth Amendment.

79. A reasonably well-trained officer would know that there were no specific or articulable facts to justify searching Plaintiff's person.

80. A reasonable person in Plaintiff's position would not have felt free to leave.

81. With respect to this show of authority, Plaintiff submitted without protest.

82. The seizure was made without probable cause and without legal process.

83. Plaintiff was transported to the local detention facility following her unlawful arrest to provide a blood sample.

84. The collection and analysis of a blood sample is a "search" within the meaning of the Fourth Amendment. See Skinner v. Ry. Labor Execs. Ass'n, 489 U.S. 602, 618 (1989).

85. A search is unlawful if it is made without probable cause.

86. Defendants, without reasonable suspicion or probable cause, intimidated the Plaintiff into providing a blood sample.

87. As a result of these actions, Plaintiff suffered damages as identified above.

88. Defendants were the cause in fact and proximate cause of Plaintiff's damages.

89. Defendants acted intentionally, maliciously, or with callous disregard for Plaintiff's rights.

## THIRD COUNT
### State Law Claims of Assault and Battery

90. Plaintiff realleges and incorporates by reference the allegations set forth above.

91. To establish a state law claim for assault and battery, Plaintiff must prove that Defendants (1) intentionally or knowingly causing Plaintiff to reasonably fear imminent bodily injury and (2) offensive touching.

92. By his words and acts, Officer Candu threatened Plaintiff's son with jail when Plaintiff was being arrested and cuffed following her successful completion of several sobriety tests administered by Officer Candu.

93. The rude, disrepectful conduct of Officer Candu threatened not only Plaintiff's son but also Plaintiff, a sixty-eight (68) year old female undergoing chemotherapy for cancer.

94. Placing cuffs on Plaintiff, who had never been arrested and committed no crime, and then placing Plaintiff in the backseat of the patrol car without reasonable suspicion or probable cause for an arrest was harmful, offensive touching.

95. Officer Candau administered field sobriety tests on a hunch that Plaintiff was driving under the influence.

96. Officer Candau subsequently placing Plaintiff under arrest was not for any lawful purpose as evidenced by Plaintiff successfully completing multiple field sobriety tests.

97. These actions were a physical restraint, a show of authority, and a show of force.

98. There were no exigent circumstances justifying the arrest of the Plaintiff.

99. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered a genuine apprehension of fear of being sent to jail without probable cause, a violation

of her constitutional rights, harm to her reputation and standing in the community, mental distress, shame, humiliation, and embarrassment, and was therefore damaged in an amount to be determined by a jury.

100. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered a genuine apprehension that her son would also be arrested and sent to jail when he too committed no crime.

## FOURTH COUNT
### State Law Claims of False Imprisonment

101. Plaintiff realleges and incorporates by reference the allegations set forth above.

102. Officer Candau falsely imprisoned Plaintiff and violated her rights by seizing her person and depriving her of her liberty without probably cause to believe that she had committed a crime.

103. The false imprisonment was a deprivation of Plaintiff's liberty without the requisite due process of law as defined under the Fourteenth Amendment and in violation of Tennessee State law.

104. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered a seizure of her person, a violation of her constitutional rights, harm to her reputation and standing in the community, mental distress, shame, humiliation, and embarrassment, and was therefore damaged in an amount to be determined by a jury.

## FOURTH COUNT
### Monell Claim

105. Plaintiff realleges and incorporates by reference the allegations set forth above.

106. On information and belief, the Tennessee Highway Patrol, which encompasses Monroe County, has a custom and culture of violating the constitutional rights of others.

107. Though not a written policy, this custom was so widespread as to have the force of law.

108. The Tennessee Highway Patrol has a history of wrongfully tolerating, condoning, and encouraging constitutional violations.

109. As a result, it has become the custom and culture of the Tennessee Highway Patrol to protect its officers when officers are known to have violated the constitutional rights of others.

110. The Tennessee Highway Patrol fails to properly train, supervise, investigate, and discipline its deputies and officers when violations of the constitutional rights of the citizens in Monroe County, Tennessee occur.

111. Upon information and belief, the Tennessee Highway Patrol in the Knoxville area, has acted with deliberate indifference to a pattern of past occurrences of constitutional violations of citizens such that its officers and deputies feel empowered to violate the constitutional rights of its targets with impunity.

112. The Tennessee Highway Patrol failed to properly train its officers about the grounds for investigating the offense of Driving Under the Influence and the proper means for evaluating whether a citizen is driving while under the influence of a drug or intoxicant.

113. The Tennessee Highway Patrol is aware of numerous arrests for Driving Under the Influence by its officers in which subsequent blood tests demonstrated no intoxicating substance.

## DAMAGES

114. Plaintiff realleges and incorporates by reference the allegations set forth above.

115. Defendants are liable to the Plaintiff, jointly and severally, for all wrongful acts which harmed and caused damage to him.

14

Case 3:25-cv-00017    Document 1    Filed 01/15/25    Page 14 of 15    PageID #: 14

116. Defendants are liable to the Plaintiff for damages for all violations of her civil rights under the Constitution of the United States as defined by 42 U.S.C. §1983.

117. Based on the facts and circumstances described in this Complaint, and as a direct result of said acts and omissions of the Defendants, Plaintiff has suffered damage to reputation; past pain and suffering; past, present, and future emotional distress; and other financial losses.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Janet Sue Flake requests a trial by a JURY and that a judgment been entered against Defendants, jointly and severally, as follows:

1. Compensatory damages of at least One Million Dollars ($1,000,000.00) or such other amount supported by the evidence at trial;

2. Punitive damages in an amount to sufficiently deter Defendants from engaging in future behavior as described in this Complaint;

3. Attorneys' fees and costs of suit as provided by 42 U.S.C. §1988;

4. Court costs;

5. Pre- and post-judgment interest at the legal rate; and

6. Any and all other and further relief as the Court deems appropriate.

                                                  Respectfully submitted,
                                                  JANET SUE FLAKE, Plaintiff
                                                  by her attorneys,

CHANCEY-KANAVOS

BY:   /s/ H. Franklin Chancey
        H. FRANKLIN CHANCEY, BPR #013187
        P.O. Box 42
        Cleveland, TN 37364
        (423) 479-9186
        franklin@cklplaw.com